IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| WILLIAM A. HIGHTOWER and | ) | CASE NO. 05-91012-H3-7 |
| ANN S. HIGHTOWER, | ) | |
| | ) | |
| Debtors, | ) | |
| | ) | |

## MEMORANDUM OPINION

The court has held a hearing on the "First and Final Application of Munsch Hardt Kopf & Harr, P.C. for Compensation and for Reimbursement of Expenses for Services Rendered by Counsel for the Trustee for the Period January 18, 2006 Through August 31, 2007" (Docket No. 121).  The following are the Findings of Fact and Conclusions of Law of the court.  A separate Judgment will be entered granting the application in part.  To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such.  To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

William A. Hightower and Ann S. Hightower ("Debtors") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on October 14, 2005.  Janet S. Casciato-Northrup ("Trustee") is the Chapter 7 Trustee.

In the instant application, Munsch Hardt Kopf & Harr, P.C. ("Applicant") seeks allowance of $58,280.00 in fees and $2,323.56 in expenses.

A portion of the fees sought in the instant case, totaling $34,769.00 in fees, relate to avoidance actions. Applicant's narrative summary of the services rendered with respect to avoidance actions states:

> Munsch Hardt expended 128.50 hours conducting extensive research into possible preference and fraudulent transfer actions by the Debtors, including transfers to Tres Familias, Inc., George Washington University, Rig Runner's, Trademark Windows & Doors, and Academic Management Services.  Several parties subpoenaed by counsel failed to timely produce subpoenaed documents.  Counsel's paralegal expended considerable time communicating with various parties regarding their record production.  Counsel instituted Chapter 5 causes of action against George Washington University, Trademark Windows & Doors, Rig Runner's.  Counsel conducted discovery, settlement discussions and prepared proposed compromises with several defendants, including Rig Runner's and Trademark Windows & Doors.

In Applicant's time records, there are time entries from April 4, 2006 through April 10, 2006, identifying time spent creating a spreadsheet to analyze possible avoidance claims. These entries total $3,340.

Applicant's time records identify time spent on the question of a potential fraudulent transfer to Tres Familias, Inc., in the amount of $15,113.50.  The services rendered included legal research on the question of whether a shareholder agreement was an executory contract, the preparation of a motion

2

to sell the estate's interest in stock of Tres Familias, Inc., the preparation of a motion for approval of bid procedures (which was ultimately withdrawn), and the consummation of the sale.

The sale of the Tres Familias, Inc. stock yielded $12,000 for the estate, in addition to waivers of claims for damages arising from rejection of the Tres Familias shareholders agreement.  (Docket No. 99).  Applicant presented no evidence as to the value of the releases, or to support a determination that Applicant reasonably believed that the value of the compensation received by the estate would be higher, prior to negotiating the sale.

The remainder of the time spent on avoidance actions relates to the preference actions against George Washington University, Trademark Windows & Doors, and Rig Runner's.  These entries, which include services combined on the three avoidance actions, total $16,315.50.

With respect to George Washington University, Applicant filed an adversary proceeding, seeking to recover $22,295.00 as a preference.  Applicant negotiated a compromise, in which George Washington University and Debtors' daughter were to pay $10,000.00.

With respect to Trademark Windows & Doors, Applicant filed an adversary proceeding, seeking to recover $8,000 as a preference.  Applicant negotiated a compromise, in which

Trademark Windows & Doors was to pay $3,500.

With respect to Rig Runner's, Applicant demanded repayment of an alleged preference in the amount of $10,250.46. Applicant negotiated a compromise, in which Rig Runner's was to pay $8,000.

With respect to the compromises of each of the preference actions, Applicant prepared a motion to compromise.

### Conclusions of Law

Section 330(a)(1) of the Bankruptcy Code permits the court to award reasonable compensation to a professional employed by the estate for actual, necessary services rendered. The court shall not allow compensation for services that were not reasonably likely to benefit the Debtor's estate or necessary to the administration of the case.  11 U.S.C. § 330(a)(1).

In the instant case, the benefit to the estate from the sale of the stock of Tres Familias, Inc. was equal to the proceeds received from sale of the stock. There is no evidence to support a determination that a higher amount is reasonable in the instant case. The court concludes that the amount of fees with respect to the Tres Familias, Inc. matter should be limited to $12,000.

With respect to the preference actions, the services rendered and the fees sought are reasonable, in light of the amounts in controversy and the results achieved. The court

concludes that the amounts sought should be allowed with respect to the preference actions.

Based on the foregoing, a separate Judgment will be entered, allowing fees of $55,166.50 (representing a reduction from $15,113.50 to $12,000 of the fees regarding the Tres Familias Inc. stock issues), and expenses of $2,323.56.

Signed at Houston, Texas on January 11, 2008.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE